# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE:

JOHN HIRNYK,

    Plaintiff,

v.

CITY OF MIAMI BEACH, FLORIDA a municipal corporation and political subdivision of the state of Florida,

    Defendant.

_____/

## COMPLAINT

COMES NOW JOHN HIRNYK, by and through undersigned counsel, and hereby sues CITY OF MIAMI BEACH and alleges as follows:

### PARTIES

1. Plaintiff JOHN HIRNYK (hereinafter "Plaintiff" or "HIRNYK") is a resident of the state of Florida and employed by the CITY OF MIAMI BEACH.

2. Defendant, CITY OF MIAMI BEACH (hereinafter "Defendant"), is a municipal corporation and political subdivision of the state of Florida.

### JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the parties because they have sufficient contacts with this District.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the claims in this complaint arise out of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 1331 which confers subject matter jurisdiction on this Court pursuant to 38 U.S.C. § 4323(b)(3).

5. Venue is proper in the Federal Court for the Southern District of Florida, under 38 U.S.C. § 4323(c) and 28 U.S.C. § 1391(b) because the acts and omissions in this complaint occurred in this District.

## FACTS

6. The Uniformed Services Employment and Reemployment Rights Act ("USERRA" or the "Act") was enacted to ensure that members of the uniformed services are entitled to return to their civilian employment upon completion of their service.

7. USERRA applies to all employers in the United State, regardless of the size of the business and protects part-time positions as well as full-time positions.

8. Pursuant to USERRA, upon the return of a military deployment, members of the uniformed services should be reinstated with the seniority, status, and rate of pay they would have obtained had they remained continuously employed by their employer.

9. Under USERRA, there is no differentiation between voluntary and involuntary service.

10. No law, contract, agreement, policy, plan, practice, or other matter reduces, limits, or eliminates in any manner any right or benefit provided by USERRA.

11. Plaintiff is a member of the United State Marine Corps Reserve since October 2004.

12. All of Plaintiff's military discharge records reflect honorable military service and he continues to serve honorably in the Select Marine Corps Reserve.

13. The cumulative length of Plaintiff's absences from employment with the Defendant by reason of his service in the uniformed services does not exceed five (5) years.

14. Plaintiff began working as a firefighter for Defendant's Miami Beach Fire Department (the "Department") on March 12, 2012, in Miami Beach, Florida.

15. Several months prior to the start date of his Orders on March 3, 2019, Plaintiff notified his employer, the Defendant.

16. Plaintiff was mobilized for military service beginning on March 18, 2017.

17. Prior to Plaintiff's mobilization, Plaintiff had expressed interested in sitting for the Lieutenant examination, a promotional exam within the Department.

18. The promotional exam was announced on March 24, 2017, while Plaintiff was deployed in uniformed military service and outside the country.

19. Sometime during his deployment, Defendant via its agents sent the study materials to Plaintiff's deployment site, claiming that it would give Plaintiff the "opportunity to study in your off hours while deployed." See "**Exhibit A**." The study materials comprised of approximately six thousand (6,000) pages of reference materials.

20. Plaintiff was discharged from service on June 14, 2017.

21. Plaintiff was scheduled to return to work on July 1, 2017, and did so.

22. The first portion of the promotional exam took place on June 26, 2017, five (5) days prior to Plaintiff's return to his employer.

23. Upon Plaintiff's return Plaintiff attempted to schedule the examinations for the Lieutenant promotional exam in order to be afforded the same period of study as his peers.

24. Defendant repeatedly refused to grant Plaintiff's request, instead scheduling the examination in a way that clearly disadvantaged Plaintiff by giving Plaintiff way fewer days to study than his peers.

25. Defendant, via its agent Michael Smith (hereinafter "Mr. Smith"), reasoned that "[t]his upcoming exam cycle has been know [*sic*] contractually to you for some time and the notice was actually posted in [*sic*] March 24, 2017. There are also many planning options that you could

have personally employed to put you in a position to have equivalency with your peers." See **Exhibit A**.

26. Plaintiff scheduled a meeting with Defendant to discuss his options, and when Defendant learned that Plaintiff intended to have counsel present at the meeting, the meeting was cancelled, and never rescheduled despite Plaintiff's attempts to do so.

27. In response to a request for a position statement from the United States Department of Labor Veterans Employment and Training Service ("DOL-VETS"), Defendant via its agent Michael Smith (hereinafter "Mr. Smith") stated via e-mail on October 3, 2017: "Mr. Hirnyk wants to discount any possibility he studied while deployed although he admitted that he had received the study materials from his wife. He also wants to not count the two-week period from his discharge on June 17, 2017, from the military assignment to his return to work on July 1, 2017. He was given from mid-June to mid-September to study."

28. In that same e-mail on October 3, 2017, Mr. Smith further stated "During his deployment, the Fire Chief and I had a discussion with his on site commanding officer who confirmed that the reservist has an option to request a deferment of deployment for personal reasons, it is up to each unit commander to grant such deferment but many do. Apparently, Mr. Hirnyk never made any request for this consideration." See **Exhibit B.**

29. Individuals not affected by military deployment were granted approximately three (3) months to prepare for the written test and two (2) months for the oral portion. For the written portion, other individuals unaffected by military deployment were granted from March 24, 2017 (the date the examination was announced) to June 26, 2017 (the date of the examination) to prepare, for a total of 94 days. For the verbal examination, participants unaffected by military deployment were allowed a total of one hundred forty-four (144) days to prepare, from March 24,

2017 (the date the examination was announced) until August 15, 2017 (the date of the examination).

30. Plaintiff on the other hand was offered far fewer days to prepare. Plaintiff was granted only forty-five (45) days to prepare for the verbal examination from July 1, 2017 until August 15, 2017. For the written portion, Plaintiff was only allowed from July 1, 2017 until September 15, 2017, a mere seventy-six (76) days.

31. Despite the very short time to prepare, Plaintiff scored well on the verbal examination, which Plaintiff was compelled to take on August 15, 2017, at the same time as all his peers unaffected by military deployment, in violation of USERRA.

32. Due to Defendant's refusal to allow Plaintiff equivalent time to prepare for the written exam, Plaintiff did not take the written portion of the exam.

33. As a result of Defendant's refusal, Plaintiff was disqualified from the promotional process. See **Exhibit A** and **Exhibit C**.

34. Defendant has been on notice of their obligations under USERRA.

35. Plaintiff provided Defendant and its agents with notice of Defendant's obligations and responsibilities pursuant to USERRA on multiple occasions.

36. On October 5, 2017, Craig Spry of the United States Department of Labor Veterans Employment and Training Service, via e-mail, notified Defendant of its obligations under USERRA; and its violation of USERRA via letter dated October 30, 2017.

37. Defendant has treated Plaintiff differently and unfairly as a result of his military service and mobilization.

38. At all times relevant hereto, Defendant had a duty to act in compliance the with USERRA requirements and ensure its agents follow the Act.

39. At all times relevant hereto, Defendant had a duty to conduct itself in compliance with the law, including USERRA, and ensure its managers and agents followed the Act.

40. The above-referenced actions by Defendant, and its agents, breached those duties and damaged the Plaintiff and continue to damage the Plaintiff.

41. Plaintiff suffered economic injury, as well as other harms and losses as a result of Defendant's discrimination and retaliation.

42. Defendant's actions are the direct and proximate cause of Plaintiff's damages.

43. As a result of Defendant's unlawful conduct in violation of USERRA, Plaintiff has suffered a loss of earnings and other benefits of employment in an amount to be proved at trial.

44. As a result of Defendants unlawful conduct in violation of USERRA and the necessity of this action to seek a remedy, Plaintiff fears further retaliation against his employment rights by Defendant or its managers, directors or employees. As such, the employment relationship that Plaintiff may have enjoyed with Defendant prior to the filing of this action is irreparably damaged through no fault of Plaintiff and the Plaintiff was not considered for the promotion because Defendant did not allow him the equivalent time to study as his peers unaffected by military deployment.

45. To the extent that Defendants allege application of any agreement that constitutes any force or effect pursuant to 38 U.S.C. § 4302.

<u>COUNT I</u>
<u>DISCRIMINATION IN VIOLATION OF 38 U.S.C. § 4311(a)</u>

46. Plaintiff re-incorporates paragraphs 1-45 as if fully set forth herein.

47. Defendant's actions violated Plaintiff's USERRA rights such that Plaintiff's obligation to perform service in the uniformed serviced was a motivating factor in decisions by Defendant which adversely affected Plaintiff's employment and opportunities to test for career

advancement.

48. Defendant discriminated against Plaintiff by, among other things refusing to allow Plaintiff the same amount of time to prepare for a promotional examination and disqualifying him for promotion when he refused to waive his right to have an equivalent time to study and prepare for the promotional examination.

## COUNT II
### WILLFUL VIOLATION PURSUANT TO 38 U.S.C. § 4323(d)(1)(C)

49. Plaintiff re-incorporates paragraphs 1-45 as if fully set forth herein.

50. Defendant's conduct was willful as defined by 38 U.S.C. 4323(d) and 20 C.F.R. § 1002.312(c) because Defendants were on notice of their obligations under USERRA from federal law and multiple notices to Defendant from both Plaintiff and the United States Department of Labor that their actions violated USERRA.  Defendant shows a reckless disregard for these matters through their actions and omissions.

## PRAYER FOR RELIEF

51. Under USERRA, a court may order equitable remedies, including reinstatement and recoupment of any loss of wages or benefits. § 4323(d)(1)(A, B). USERRA also empowers a Court to use "its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits of persons under this chapter." § 4323(e). Plaintiff requests:

   a. The opportunity to take the written exam with equivalent study time as his non-mobilized peers;

   b. To be retroactively promoted if his scores allow it, to include recovery, retroactive pay to the date he would have been promoted had his employer followed the requirements of USERRA.

52. Pursuant to USERRA, the court "may award any such person who prevails in such action or proceeding reasonable attorney fees, expert witness fees, and other litigation expenses." § 4323(h)(2).

53. Plaintiff respectfully demands a jury trial and further to be awarded compensation for all injury and damage suffered. To wit:

   a. Economic and non-economic damages to be proven at trial, including but not limited to: back pay for a reduced salary, lost benefits of employment including retirement contribution, back pay for lost wages and benefits;

   b. Front pay;

   c. Order Defendant to pay pre-judgement interest on the amount of wages and lost benefits due;

   d. Order Defendant to pay liquidated damages in the amount of lost wages and value of benefits pursuant o 38 U.S.C. 4323(d)(1)(C);

   e. Reasonable attorney and expert fees, and costs, pursuant to 38 U.S.C. § 4323 and as otherwise provided by law.

54. Plaintiff also respectfully requests the Court take the following actions:

   a. Declare the Defendant's actions including denial of job opportunities and denial of employment benefits because of plaintiff's military service was unlawful and violated USERRA, 38 U.S.C. §4311(a);

   b. Declare that Defendants' violations of USERRA were willful pursuant to 38 U.S.C. § 4323(d)(1)(C);

   c. Direct Defendants to remove and destroy and adverse employment record that is in Defendant's possession or control and related to Plaintiff;

    d. Order Defendant to pay Plaintiff's reasonable attorney's fees, expert witness fees, and other litigation expenses pursuant to 4323(h)(2).

    e. Order such other relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

DATED: July 30, 2019

           **GARCIA-MENOCAL & PEREZ, P.L.**
           *Attorneys for Plaintiff*
           4937 S.W. 74th Court, No. 3
           Miami, FL 33155
           Telephone: (305) 553-3464
           Facsimile: (305) 553-3031
           Primary E-Mail: ajperezlaw@gmail.com
           Secondary E-Mail: bvirues@lawgmp.com
                          aquezada@lawgmp.com

           By: */s/ Anthony J. Perez*
               ANTHONY J. PEREZ
               Florida Bar No.: 535451
               BEVERLY VIRUES
               Florida Bar No.: 123713